# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 25-20409
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2026

Lyle W. Cayce
Clerk

JEFFERY JAMES DENNIS,

*Plaintiff—Appellant*,

*versus*

STATE OF TEXAS; FEDERAL MORTGAGE ASSOCIATION, *also known as* FANNIE MAE; ROCKET MORTGAGE, L.L.C., *formerly known as* QUICKEN LOANS, L.L.C.; MORTGAGE ELECTRONIC REGISTRATION SERVICES, INCORPORATED, *also known as* MERS; AMY COLVIN, PUBLIC NOTARY OF MERS; KATIE OLSON, PUBLIC NOTARY FOR ROCKET MORTGAGE; TENESHIA HUDSPETH, *Harris County Clerk*; BOB WOLFE, *Judge, Harris County Precinct 5, Place 2*; C. ELLIOT THORNTON, *Judge, in her administrative capacity of the 164th District Court and personal capacity*; ALAN ROBLES, *Clerk of Court for the 164th District Court*; JERMAINE THOMAS, *Judge, in his official capacity as Judge of Harris County Court 3*; KEN PAXTON, *Texas Attorney General*; JANE NELSON, *Texas Secretary of State*; GLENN HEGAR, TEXAS COMPTROLLER,

*Defendants—Appellees*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-102

―――――――――――――――――――――――

Before DAVIS, STEWART, and DUNCAN, *Circuit Judges*.

No. 25-20409

Per Curiam:[*]

Jeffery James Dennis appeals the district court's dismissal of his second amended complaint, contending that the district court should have (1) permitted an accounting related to his purchase of a property and the eventual foreclosure on that property before dismissal and (2) granted leave to file an amended complaint. The district court correctly determined that all of Dennis's claims depended on a flawed premise regarding the effect of his Uniform Commercial Code filings, *see* Tex. Bus. & Com. Code Ann. § 9.109(d)(11), and we are unpersuaded that it erred in dismissing those claims without an accounting, *see Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023). Dennis also fails to demonstrate that the district court abused its discretion in denying leave to amend. *See Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 483–84 (5th Cir. 2021).

AFFIRMED.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.